# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-378V

|  |  |
|---|---|
| YVONNE ROMO, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: November 17, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Mary Eileen Holmes, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION[1]

On January 8, 2021, Yvonne Romo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), after receiving an influenza ("flu") vaccine on September 22, 2020. Petition at 1.

On October 23, 2023, Petitioner filed a Motion for a Decision Dismissing her Petition. ECF No. 39. Petitioner stated in her motion that her "counsel became aware that [she] had filed two (2) claims in the Vaccine Program" for the same alleged SIRVA, and she "has received an award of compensation in her [other] claim." *Id.* at 1. Petitioner further states "[i]n these circumstances, to proceed further would be unreasonable and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

would not be a proper use of the resources of the Court, the [R]espondent, and the Vaccine Program." *Id.* Finally, Petitioner provides in her motion that she "has been advised by counsel that a decision by the Chief Special Master dismissing the petition will result in a judgment against" her and "will end all of [her] rights in the Vaccine Program with regard to this claim." *Id.* at 2. Respondent elected to file no response to Petitioner's Motion. *See* Informal Communication (Remark) dated November 17, 2023.

The Vaccine Act states that "[o]nly one petition may be filed with respect to each administration of a vaccine." Section 11(b)(2). As acknowledged by Petitioner, the instant claim is essentially identical to a second Program claim filed by Petitioner relating to her September 22, 2020 flu vaccination. Although, the instant claim was filed first, Petitioner has already received compensation in the other claim. *Romo v. Sec'y of Health & Hum. Servs.*, No. 21-1638V, 2023 WL 3596397, (Fed. Cl. Spec. Mstr. May 23, 2023) (Decision Awarding Damages to Petitioner for a SIRVA following receipt of her flu vaccine on September 22, 2020). Therefore, in accordance with Section 12(d)(3)(A) of the Vaccine Act, I find the instant case must be dismissed.

**The instant case is hereby dismissed as a duplicative filing**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.